# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2020

Lyle W. Cayce
Clerk

No. 20-50384
Summary Calendar

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Silvestre Solis-Garcia, *also known as* Silvestre Garcia, *also known as* Silvestre Solis, *also known as* Silvestre Garcia-Solis,

*Defendant—Appellant*,

consolidated with

---

No. 20-50385

---

United States of America,

*Plaintiff—Appellee*,

*versus*

Silvestre Solis-Garcia,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-902-1
USDC No. 4:19-CR-927-1

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:*

Silvestre Solis-Garcia pleaded guilty to illegally reentering the United States after removal in violation of 8 U.S.C. § 1326. Generally, a person convicted for illegal reentry faces up to two years in prison under § 1326(a). However, because Solis-Garcia had been removed from the United States after committing a felony, he faced up to ten years in prison under § 1326(b)(1). He was sentenced to 21 months' imprisonment and three years' supervised release.

On appeal, Solis-Garcia argues only that under the principles articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), § 1326(b) is unconstitutional because it permits a sentence above the statutory maximum in § 1326(a) based on the fact of a prior felony conviction neither alleged in the indictment nor found by a jury beyond a reasonable doubt. But Solis-Garcia concedes, and we have previously recognized, that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998). *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007). Solis-Garcia seeks only to preserve the issue for further review. Summary affirmance, as requested by the Government, is therefore appropriate.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50384
c/w No. 20-50385

In the consolidated case, Solis-Garcia appeals the revocation of the supervised release term that he was serving for a different conviction. However, in both cases he filed the same brief, which does not address the revocation. Consequently, he has forfeited any challenge to the revocation or revocation sentence. *See United States v. Reed*, 908 F.3d 102, 123 n.81 (5th Cir. 2018).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT.